40    APPELLATE COURTS OF ILLINOIS.

VOL. 69.] Lindgren-Mahan Chem. Fire Engine Co. v. Senger.

## Lindgren-Mahan Chemical Fire Engine Company v. J. F. Senger.

1. SHORT CAUSE CALENDAR—*Motion to Strike Cause from.*—It was alleged in support of a motion to strike a case from the "short cause calendar" that the attorney making the motion went to the clerk's office, on receiving notice that the necessary affidavit had been filed, but found no affidavit where it ought to have been, if filed, nor any registry of such affidavit. It did not appear that he made any inquiry for the affidavit, nor whether such affidavit was in fact then on file or not. *Held,* that the motion was properly denied.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

ALLAN C. and FRED W. STORY, attorneys for appellant.

JOS. W. ERRANT and W. H. TROYER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for wages. The defense was that the appellee slighted his work.

The jury chose to believe the testimony on behalf of the appellee, rather than that on behalf of the appellant, as to the truthfulness of that defense, and their verdict is final. The case was tried upon a "short cause calendar," and the appellant urges that the court wrongly denied its motion to strike the case off that calendar because the notice served stated that an affidavit had been filed, and the attorney at once went to the clerk's office, and found there no affidavit where it ought to have been, if filed, nor any registry of such affidavit.

It does not appear that he made any inquiry for the affidavit, nor does it appear whether such affidavit was in fact then on file or not.

There is no error, and the judgment is affirmed.